UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Plaintiff, <br><br> Julie M. Donahue <br><br> v. <br><br> Defendant. <br><br> Medical Financial Solutions | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant(s)' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant(s) transacts business here.

### PARTIES

1. Plaintiff is a natural person who resides in Grosse Pointe Woods , County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2. Defendant(s) is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

3. On information and belief, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon a debt for a medical services at St. John's Hospital, and that payment that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(4).

4. On information and belief, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Medical Financial Solutions for collection from Plaintiff.

5. Plaintiff has a legitimate expectation that Defendant follow applicable law.

## FIRST VIOLATION – FDCPA

6. That between September 2013 and September 2014, Plaintiff required services and treatment related to breast cancer by St. John's Hospital.

7. That on December 2, 2014, Plaintiff filed for Chapter 7 bankruptcy relief in the Bankruptcy Court for the Eastern District of Michigan. (See Case # **14-58583).**

8. Plaintiff received her discharge on March 10, 2015.

9. That St. John's was a listed creditor on the bankruptcy petitions (See Ex A).

10. That Defendant was directly notified by Plaintiff's bankruptcy counsel that Plaintiff was in bankruptcy, and to cease and desist all collection efforts (See Ex B).

11. After Defendant was notified of the pending bankruptcy, Defendant continued to send collections notices.

12. Defendant even sent a collection notice after the date of discharge of Plaintiff (March 20, 2015). See Ex C.

13. That despite these notices, Defendant continued to attempt collection against Plaintiff on the debts both in violation of the automatic stay , and the discharge injunction as defined in 11 USC §§362 and 524.

## DAMAGES

14. Defendant's acts have caused Plaintiff to suffer from indignation as well as statutory damages.

15. These collection communications were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10).

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. Defendant violated 15 U.S.C. § 1692e(10) by asserting Plaintiff was liable on a debt that they was not liable for, Defendant made a false representation or deceptive means to collect or attempt to collect a debt.

19. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

20. Attempting to collect on a debt discharged in bankruptcy violates the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

### TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

Amend. 7. Fed.R.Civ.P. 38.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: April 1, 2015

Respectfully submitted,
/s/ A. Stephen Ramadan         P41892
Attorney for Plaintiff
22201 Harper Ave
Saint Clair Shores, MI 48080
586.441.3239
steveramadan@gmail.com

| B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12) | Case Number **14−58583−mar** |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

## Notice of
## Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 12/2/14.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.
See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Julie M. Donahue
605 Robert John Rd
Grosse Pointe Woods, MI 48236

| Case Number:<br> **14−58583−mar** | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−6572 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>A. Stephen Ramadan<br>Law Offices of A. Stephen Ramadan, PLC<br>22201 Harper Ave.<br>St. Clair Shores, MI 48080−1865<br>Telephone number: 586−441−3239 | Bankruptcy Trustee (name and address):<br>Stuart A. Gold<br>24901 Northwestern Highway<br>Suite 444<br>Southfield, MI 48075<br>Telephone number: 248−350−8220 |

### Meeting of Creditors
Date: **January 7, 2015**                                Time: **11:00 AM**
Location:  **211 West Fort St., Room 315, Detroit, MI 48226**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*
The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 3/9/15**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>211 West Fort Street<br>Detroit, MI 48226<br>Telephone number: 313−234−0065 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Katherine B. Gullo |
|---|---|
| Hours Open:  Monday − Friday 08:30 AM − 4:00 PM | Date: 12/2/14 |

## EXPLANATIONS

B9A (Official Form 9A) (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint –– or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) –– in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

Refer to Other Side for Important Deadlines and Notices

**The Court will dismiss this case without a hearing if the debtor(s) do not timely file all required documents and if no request for a hearing on dismissal is filed within 21 days after the petition is filed. The Clerk will give notice of the hearing on dismissal only to the party requesting the hearing, the debtor and the trustee.**

```
                           United States Bankruptcy Court
                            Eastern District of Michigan
In re:                                                              Case No. 14-58583-mar
Julie M. Donahue                                                    Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0645-2          User: admin              Page 1 of 1          Date Rcvd: Dec 02, 2014
                              Form ID: b9a             Total Noticed: 21


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 04, 2014.
db             +Julie M. Donahue,    605 Robert John Rd,   Grosse Pointe Woods, MI 48236-1113
23236586       #+1st Finl Invstmnt Fund,    230 Peachtree St,   Atlanta, GA 30303-1532
23236587        +Amcol Systems Inc,   Po Box 212269,   Columbia, SC 29221-2269
23236593        +Congress Collection Corp,    24901 Northwestern Hwy Ste 300,   Southfield, MI 48075-2207
23236595        +John J. Donahue,   605 Robert John Rd,    Grosse Pointe Woods, MI 48236-1113
23236596        +MARY JANE ELLIOT PC,    24300 Karim Blvd,   Novi, MI 48375-2942
23236600         MRG Michigan Research Group,    Dept 184101,   PO Box 67000,   Detroit, MI 48267-1841
23236597        +Merchants & Medical,    6324 Taylor Rd,   Flint, MI 48507-4685
23236598        +Michigan Department of Treasury,    PO Box 30168,   Lansing, Michigan 48909-7668
23236602        +St. John Providence Health System,,    28000 Dequindre,   Warren, MI 48092-2468
23236603        +Stenger and Stenger, PC,    2618 E Paris Ave SE,   Grand Rapids, MI 49546-2458

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: steveramadan@gmail.com Dec 02 2014 22:57:01      A. Stephen Ramadan,
                 Law Offices of A. Stephen Ramadan, PLC,   22201 Harper Ave.,
                 St. Clair Shores, MI  48080-1865
tr             +E-mail/Text: stuart.gold@7trustee.net Dec 02 2014 22:57:33      Stuart A. Gold,
                 24901 Northwestern Highway,   Suite 444,   Southfield, MI 48075-2204
23236588       +EDI: TSYS2.COM Dec 02 2014 22:53:00      Barclays Bank Delaware,   Attn: Bankruptcy,
                 P.O. Box 8801,   Wilmington, DE 19899-8801
23236589       +E-mail/Text: rward@cadillac-ar.com Dec 02 2014 22:57:09      Cadillac Accnts Rec Mg,
                 Po Box 358,   Cadillac, MI 49601-0358
23236590       +EDI: CAPITALONE.COM Dec 02 2014 22:53:00      Capital 1 Bank,   Attn: General Correspondence,
                 PO Box  30285,   Salt Lake City, UT 84130-0285
23236591       +EDI: CHASE.COM Dec 02 2014 22:53:00      Chase,   P.o. Box 15298,   Wilmington, DE 19850-5298
23236592       +EDI: CAUT.COM Dec 02 2014 22:53:00      Chase Auto,   Attn:National Bankruptcy Dept,
                 PO Box 29505,   Phoenix, AZ 85038-9505
23236594        EDI: IRS.COM Dec 02 2014 22:53:00      Internal Revenue Service,
                 Centralized Insolvency Operation,    P. O. Box 7346.,   Philadelphia, PA 19101-7346
23236598       +E-mail/Text: MarcsBankruptcyUnit@michigan.gov Dec 02 2014 22:59:10
                 Michigan Department of Treasury,   PO Box 30168,   Lansing, Michigan 48909-7668
23236599       +EDI: MID8.COM Dec 02 2014 22:53:00      Midland Funding,   8875 Aero Dr Ste 200,
                 San Diego, CA 92123-2255
23236601        EDI: PRA.COM Dec 02 2014 22:53:00      Portfolio Recovery,   Attn: Bankruptcy,   PO Box 41067,
                 Norfolk, VA 23541
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 04, 2014                                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 2, 2014 at the address(es) listed below:
NONE.                                                                                         TOTAL: 0
```

Exhibit B

# A. Stephen Ramadan, PLC

*Attorney at Law*
*22201 Harper Ave*
*Saint Clair Shores, MI 48080-1865*
*586-441-3239*
*888-711-9861 fax*
*steveramadan@gmail.com*
Licensed in California, Michigan and Illinois

February 26, 2015

ST JOHN HOSPITAL AND MEDICAL CENTER
28000 Dequindre Rd
Warren, MI 48092

Re: Donahue, Julie M.
CH 7 bk # : **14-58583**
Your account #: 071448104

To Whom It May Concern:

    Please be advised that I am Ms. Donahue's CH 7 bankruptcy attorney. Ms. Donahue filed bankruptcy on December 6, 2014, to which St John's was provided notice by the bankruptcy clerk.

    Ms. Donahue has received several correspondences requesting payment of outstanding medical bills after the date of filing, which is a violation of the automatic stay pursuant to 11 USC §365 of the bankruptcy code.

    We request that you immediately cease and desist these improper actions, or will file an appropriate motion for sanctions in the bankruptcy court.

    If you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature]*

Steve Ramadan

**www.asrplc.com**